UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER PEGUERO                                  Index No.: 20 CV 4518

                      Plaintiff,                    **COMPLAINT**

      -against-                                          Plaintiff Demands Trial by Jury

CITY OF NEW YORK and
CORRECTIONS OFFICER JOHN DOE, Badge #1583

                       Defendants.
-------------------------------------------------------------------X

Plaintiff, CHRISTOPHER PEGUERO, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and CORRECTIONS OFFICER JOHN DOE, Badge #1583, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, CHRISTOPHER PEGUERO, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. At all times relevant to this Complaint, plaintiff was a pre-trial detainee in the custody of the New York City Department of Corrections.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a corrections department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant corrections officer.

7. Defendant CORRECTIONS OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Corrections, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Corrections, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of

New York and the New York City Department of Corrections, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## **STATEMENT OF FACTS**

8. On or about March 13, 2020, plaintiff was present in the 5 West section of the Otis Bantum Correctional Center at approximately 4:30 P.M. when he was attacked without provocation by defendant CORRECTIONS OFFICER JOHN DOE, Badge #1583 ("C.O. JOHN DOE").

9. Plaintiff and defendant C.O. JOHN DOE had previously engaged in a verbal exchange in which defendant spoke disrespectfully to plaintiff and plaintiff responded in kind.

10. At the time of the attack plaintiff was injured due to an unrelated slip and fall.

11. Plaintiff's wrist was in a cast.

12. Defendant knew that plaintiff was injured.

13. Defendant C.O. JOHN DOE pushed plaintiff into a closet.

14. Defendant C.O. JOHN DOE then proceeded to punch plaintiff about the head and body with a closed fist and kick plaintiff about the body as he taunted plaintiff with curses and demeaning words.

15. Plaintiff cowered as defendant landed blow after blow about his head and body and eventually lost consciousness for a period of time.

16. When the assault was over, plaintiff immediately sought medical attention and complained to other NYCDOC officials, including at least one captain. Plaintiff was ignored by various corrections officials for approximately two days before he was taken to the main OBCC clinic.

17. Upon information and belief, surveillance camera footage exists which depicts plaintiff being pushed into the closet by defendant C.O. JOHN DOE, the officer exiting moments later, and plaintiff, injured, exiting after him.

18. Upon information and belief, NYCDOC investigated this matter, which included but was not limited to taking pictures of plaintiff's injuries and obtaining a recorded statement from plaintiff.

19. At no time during the events described above did plaintiff commit any act for which force would be a reasonable response.

20. At no time during the events described above did defendant C.O. JOHN DOE have any justification, reason, or legal license to use any amount of force against plaintiff.

21. At all times during the events described above defendant C.O. JOHN DOE acted with malice and the intent to harm and cause pain to plaintiff.

22. At all times during the events described above defendant C.O. JOHN DOE knew or should have known that his actions were unlawful and in violation of his sworn oath to uphold the Constitution of the United States in the furtherance of his duties as a duly appointed Corrections Officer.

23. At no time during the events described above did plaintiff pose any threat to defendant C.O. JOHN DOE, any other inmate, jail official staff member or anyone else present in OBCC.

24. Defendant C.O. JOHN DOE's assault on plaintiff was malicious, intentional, and outside the bounds of acceptable uses of force for a corrections officer.

25. As a result of defendant C.O. JOHN DOE's unlawful actions, plaintiff did suffer serious injury, including but not limited to bruising and swelling about the head and body and being knocked unconscious.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against Defendant CORRECTIONS OFFICER JOHN DOE, Badge #1583 in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983*

26. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27. At all times during the events described above defendant CORRECTIONS OFFICER JOHN DOE, Badge #1583 lacked probable cause to use force against plaintiff.

28. All of the aforementioned acts of defendant CORRECTIONS OFFICER JOHN DOE were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force while in custody.

30. The acts complained of were carried out by defendant CORRECTIONS OFFICER JOHN DOE in his capacity as a corrections officer, with all actual and/or apparent authority afforded thereto.

31. As a result of defendant CORRECTIONS OFFICER JOHN DOE's illegal misuse of force plaintiff did suffer damages, including but not limited to pain, injury, emotional distress, mental anguish and public humiliation.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant CORRECTIONS OFFICER JOHN DOE, Badge #1583. The conduct of the defendant officer was a direct consequence of inadequate training and supervision of corrections officers by defendant CITY OF NEW YORK and its agent, the New York City Department of Corrections.

29. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York City Department of Corrections, had in effect policies, practices, and customs that allowed for a corrections officer to use force against an inmate without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its corrections officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

31. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York City Department of Corrections, corrections officers – including the defendant on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 12, 2020
      New York, NY      By:      */s/Alexis G. Padilla*
                                              Alexis G. Padilla, Esq. [AP7400]
                                              *Attorney for Plaintiff*
                                              *Christopher Peguero*
                                              290 Howard Avenue
                                              Brooklyn, NY 11233
                                              (917) 238-2993
                                              alexpadilla722@gmail.com