

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

KATHLEEN D. REILLY
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

October 5, 2020

**BY ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: Christopher Peguero v. City of New York, et al.
> 20 CV 4518 (LAK) (DCF)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City writes respectfully to request a stay of the present civil proceedings in its entirety until the conclusion of the New York City Department of Correction's investigation into the alleged incident. This is the City's first request for a stay of the action. Plaintiff's counsel, Alexis Padilla, Esq., consents to this request.

By way of background, plaintiff Christopher Peguero bring this action, pursuant to 42 U.S.C. § 1983, alleging that on or about March 13, 2020, he was subjected to excessive force while in the custody of the New York City Department of Correction ("DOC"). Specifically, plaintiff alleges that DOC Correction Officer "John Doe," Badge #1583, attacked him without provocation, and punched and kicked him while taunting him with curses and demeaning words. Plaintiff also alleges a municipal liability against the City of New York. Plaintiff filed his complaint on June 12, 2020, and on July 1, 2020, defendant requested a ninety (90) day extension of time, until October 6, 2020, to respond to the complaint, which the Court granted on July 2, 2020. (ECF Nos. 1, 7, 8.)

In accordance with FED. R. CIV. P. 11, the undersigned thereafter began an investigation into the allegations set forth in the complaint and requested paperwork in order for this Office to respond to the complaint. During the course of that investigation, the undersigned learned that, in light of the alleged use of force, an investigation into the alleged incident was pending and to date, has still not fully concluded. In light of this, and the limitations it presents

for the undersigned to obtain relevant documents and information and speak with many individuals involved in the incident, defendant City respectfully requests a stay of the instant matter, pending the resolution of the internal proceeding.

As Your Honor is aware, federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). Specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts in this Circuit have often stayed civil actions pending active internal investigations by DOC. See, e.g., Shy-Kym Samuel v. Captain Polpotic, et al., 18 Civ. 4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (Docket Entry No. 20; Endorsed Letter granting stay pending DOC investigation); Christopher H. Cano v. Officer Oxley, 18 CV 3428, (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (Docket Entry No. 15; Order granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction"). There are several reasons why the instant action should be stayed pending the outcome of DOC's internal proceeding.

As an initial matter, a stay is warranted because until such time as DOC concludes its investigation, the parties will not have access to a number of documents regarding the incidents alleged in this case. Such documents are protected from disclosure by the law enforcement privilege, which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. City of New York, et al., No. 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). These records may also be protected from disclosure pursuant to the deliberative process privilege, given that the investigations are pending and have not concluded. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 256 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations marks omitted). As a result, access to pertinent information, including witness statements, is barred until the underlying investigations are resolved. Thus, defendant City can neither adequately evaluate the case nor prepare a defense in this action without first having access to this information.

Further, the pendency of the investigation hinders the City's ability to investigate the incident and mount a defense, as the officer involved in the alleged incident has vital information concerning the alleged incident, which the City cannot obtain while the investigation is pending. This limitation exists, in part, because of the potential that a conflict of interest may arise between the officer and the City. See Mercurio, 758 F.2d at 864. In the event that any charges are brought against the individual defendant, any testimony provided in the instant civil case could potentially impact a criminal or departmental trial. See Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case").

Moreover, once the purported defendant officer is identified, this Office will be unable make a decision as to the representation of said officer until DOC there is a disposition regarding the internal proceeding. As the Court is aware, under General Municipal Law § 50-k, this Office must first determine whether the individual employee was acting within the scope of his employment and not in violation of any rule or regulation at the time of the alleged incident. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 802 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). Until DOC concludes its investigation and renders its findings, the undersigned is unable to determine whether any purported defendant satisfies the requirements under § 50-k. Finally, plaintiff will not be prejudiced in the event that the Court grants this request, as the documents relevant to the case will have been obtained and preserved by DOC during their investigation. See generally Rosenthal v. Giuliani, No. 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery . . ."). Here, the statute of limitations on plaintiff's federal claim does not expire until March 13, 2023, and therefore the stay will not prejudice plaintiff's case. To the contrary, the City and the officers involved are the only ones who would be prejudiced, should the request to stay the case be denied.

Accordingly, defendant City respectfully requests the Court stay of the instant matter in its entirety until the conclusion of DOC's investigation into the alleged incident. To the extent the Court is inclined to grant the within request, defendant City can provide an update as to the status of the internal proceeding at the convenience of the Court. Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

Kathleen D. Reilly
Assistant Corporation Counsel

cc:  **By ECF**
Alexis Padilla, Esq., *Attorney for Plaintiff*

> The jointly requested stay of all proceedings in this case is granted for the reasons stated in counsel's letter. The parties are directed to submit a joint status report no later 12/15/2020, and every 30 days thereafter, until the stay is lifted.
>
> Dated: 11/18/2020
> SO ORDERED
>
> DEBRA FREEMAN
> United States Magistrate Judge

- 3 -